NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 06-CV-84-KSF

IN RE: QUINCY TAYLOR

Eastern District of Kentucky
FILED

JUN 0 8 2006

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

## MEMORANDUM OPINION AND ORDER

Quincy Taylor, an individual currently incarcerated in the Northpoint Training Center ("NTC"), a state prison in Burgin, Kentucky, has submitted several documents which the Court liberally construes together as a prisoner *pro se* complaint pursuant to 42 U.S.C. §1983; and he has now moved for permission to proceed herein *in forma pauperis*. The motion will be granted by separate Order.

The construed complaint is now before the Court for initial screening. 28 U.S.C. §1915A; 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

### CLAIMS

The plaintiff asserts that personnel at NTC have retaliated against him for filing a lawsuit and have used excessive force against him, which the Court construes as claims that his rights under the U.S. Constitution's First and Eighth Amendments have been violated.

### NAMED DEFENDANTS

The plaintiff names the following defendants, all at NTC: Lt. David Smith; Unit Director McElroy Burdette; Case Worker Derek Benge; and Correctional Officers Eugene Young, John Ross, and Tim Shelton.[1]

---

[1] The plaintiff's formal complaint listed Benge's name as "Derrick," but an attached documents reveals that this spelling should be "Derek;" similarly, although the plaintiff first wrote Young's first name as "Eddie," in a

## RELIEF REQUESTED

The plaintiff states that he seeks justice, freedom, and a financial award.

## PLAINTIFF'S ALLEGATIONS

The plaintiff initiated the instant action with a letter to the Clerk of the Court, who concluded that the document may have been intended be a prisoner *pro se* complaint pursuant to 42 U.S.C. §1983 and, therefore, he set up a case file. The Court then issued an Order so as to ascertain the plaintiff's intent and to notify him of certain deficiencies in his case, including the matter of the district court filing fee, his use of NTC's administrative remedies prior to filing a federal lawsuit, and the lack of a formal complaint. Record No. 2.

The plaintiff responded to each of the deficiencies mentioned in the Court's Order, thus completing the case file and showing his intent. Record Nos. 5-8. The following is a summary or construction of the factual allegations contained in several of the plaintiff's pleadings, which are construed together as a complaint [Record Nos. 1, 4, and 5].

The plaintiff alleges that he is serving a 3-year sentence at NTC, his first sentence after 11 years, and that he was transferred to NTC from the Larue County Jail. His financial documents reveal that he arrived at NTC on March 8, 2006. After complaining about both his conviction and the transfer, he makes allegations about a series of events which purportedly happened to him. It is not clear in which facility the first complained-of incident occurred. It concerned someone's taking a TV from his cell, for which "I started hitting the door." Record No. 1.

The plaintiff's NTC incarceration has clearly not gone smoothly. In his first-filed letter to the Clerk of the Court, filed on March 30, 2006, he stated that he had already lost one year of good time credits and was also punished with 120 days "in the hole," which the Court construes to mean

---

subsequent pleading [Record No. 9], he corrected it to "Eugene." The Court will use the later correct spellings hereafter.

2

that he was placed in disciplinary confinement, which is more restrictive than being in the general inmate population. *Id.* He later claims to have lost one year of good time "plus 30 days for not shaving my face." Record No. 4. Still later, he contends that he has now lost 2 years of good time and has also been punished with 255 days in the hole. Record No. 5.

The plaintiff complains of two separate incidents of excessive force, the first occurring upon his arrival at NTC. He was purportedly handcuffed and shackled and then subjected to an offensive strip search. The plaintiff specifically alleges that Defendant Smith became "nasty" and threatened him with a taser gun. The plaintiff contends that later, on March 23, 2006, after his contact with this Court was known and the defendants were angry, he was assaulted by all six defendants, again while he was in handcuffs and shackles. In this fray, he claims, he obtained a scratch under his left eye from the actions of Defendant Benge, and Defendant Burdette brandished a taser gun.

Plaintiff Taylor also contends that he has been subjected to two false disciplinary proceedings, and he attaches the charging documents, the first dated March 23rd, the same date as the purported assault. It charges him with destruction of state property valued under $100 and shows that the plaintiff denied any guilt, stating that someone else must have done it and that the cell had not been checked prior to his being placed in it. At the end of this document, the date of March 30, 2006, is written as the anticipated date for a hearing on the charge.

The second "write-up" is brought by Defendant Benge, and it is dated April 11, 2006, purportedly after the defendants knew of his federal court filing. This report charges the plaintiff with making a threatening statement, Benge writing that Taylor threatened him by saying, "I'll knock your head off." It also contains the plaintiff's denial of guilt and his version of what he said, *i.e.*, "This Federal Lawsuit will knock your head off." The anticipated date for the hearing on this charge is April 18, 2006.

3

The plaintiff does not reveal what happened on the scheduled hearing dates or whether he appealed the disciplinary proceedings or how he pursued any grievances on any topic. After filing his complaint and other responses to the Court's Deficiency Order, he continued to write letters to the Court's Clerk, who has continued to file them herein. However, he does not mention the topics originally complained of, but adds allegations of recent incidents of more unfair treatment at NTC. Record Nos. 9, 10.

With regard to challenging any of the complained-of incidents administratively before filing in federal court, the plaintiff twice indicates that there is a grievance procedure and that he used it. As to the result obtained administratively, in his complaint form he writes that "I filed a grievance they really didn't do nothing so I appealed it to the warden, I'm going to stick with [sic]." Record No. 5. On a later-filed court form, he has written that he told a grievance aide, with the result that "Committee by pass and I appealed it. Here at Northpoint they are going to always say you are guilty." Record No. 8. On a handwritten attachment to Record No. 8, Taylor also claims that he wrote letters to the warden, governor, corrections commissioner, deputy commissioner, and "victim advocate: Kirstie Willard." *Id.*

## DISCUSSION

The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). Nonetheless, there is a limit to the Court's duty; the Court is not to advocate for the plaintiff. *See Berridge v. Heiser*, 993 F.Supp. 1136, 1141 (S.D. Oh. 1998). The Court concludes that for the reasons discussed below, the instant action has exceeded the limits of the Court's discretion to go forward with Plaintiff Taylor's construed complaint.

The Court must begin any examination of the prisoner-plaintiff's allegations with an inquiry into his use of the jail's or prison's administrative remedies. Effective April 24, 1996, Congress decreed that prisoners complaining of prison conditions must avail themselves of whatever administrative remedies are available to them prior to initiating a lawsuit. The United States Congress has specifically mandated as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says. *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Sixth Circuit has consistently insisted on compliance with the statute--and a clear demonstration of said compliance--at the time of filing. *See Wright v. Morris*, 111 F.3d 414 (6th Cir. 1997), *cert. denied*, 522 U.S. 906 (1997). A plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Further, the Sixth Circuit has interpreted §1997e as requiring that a prisoner file a grievance against the person he ultimately seeks to sue. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). Similarly, each claim which a prisoner wishes to bring must have been exhausted administratively (*Burton v. Jones*, 321 F.3d 569, 574-75 (6th Cir. 2003)), even excessive force claims (*Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) (holding

5

that cases on prison conditions requiring exhaustion under §1997e include claims of excessive force)).

Finally, the Sixth Circuit has decided that federal courts within this circuit must follow the "total exhaustion" rule, meaning that all of the claims must be exhausted for the court to go forward; whenever there is a single unexhausted claim, despite the presence of other exhausted claims, the court must dismiss the entire complaint for failure to exhaust. *Jones Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005). *See also Walton v. Bouchard*, 136 Fed.Appx. 846, 848 (6th Cir. 2005) (unpublished) (affirming dismissal of complaint because discrimination claim was unexhausted as to every defendant); *Sanchez-Ramos v. Sniezek*, 370 F.Supp.2d 652, 656-57 (N.D. Ohio 2005) (dismissing the prisoner's entire action, an assault claim being exhausted but his retaliation and medical care claims being unexhausted).

In the cause of action *sub judice*, the plaintiff has contended that there is a grievance procedure at NTC and that he used it. However, for the results thereof, the plaintiff has written only that he will pursue the remedies and that he has written letters. Nowhere in any of his many pleadings has he claimed to have exhausted the NTC administrative remedies with regard to any of his claims. Moreover, even if the Court construes these scant allegations to be a blanket statement of exhaustion, it is not a *demonstration* of exhaustion, as is required under *Knuckes-El* and the other aforestated law. Which of the matters complained of in his pleadings did Quincy Taylor file a complaint about administratively? Which claim did he pursue to the level of the jailer or warden? the Commissioner? What person(s) were complained of in the administrative process? What were the responses which he received?

Because all of this plaintiff's claims have not been shown to have been totally exhausted administratively, none may proceed further in this case. Exhaustion is not a mere formality. The

Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d at 644. *See also Curry v. Scott*, 249 F.3d at 505; *Hartsfield v. Vidor*, 199 F.3d at 308-09. Not having alerted officials to specific conditions and specific individuals imposing them, the plaintiff may not now be permitted to surprise them with a lawsuit for damages.

In the case *sub judice*, therefore, it is the duty of this Court to enforce the statutory requirement. *Knuckles-El*, 215 F.3d at 642. It must also be remembered that another of the reasons for the requirement that administrative remedies be exhausted is also to prepare a record for the Court. *See Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980).

The plaintiff's failure to demonstrate exhaustion of any administrative process on any topic violates the letter, the intent, and the spirit of the law. *See Mentecki v. Corrections Corp. of America*, 234 F.3d 1269, 2000 WL 1648127 (6th Cir. 2000) (unpublished); *McRae v. Corrections Corp. of America*, 208 F.3d 214, 2000 WL 302772 (6th Cir. 2000) (unpublished) (both related to impermissibility of prisoners beginning the process, then short-circuiting the system, and later alleging the futility of going further).

As a practical matter, if the current plaintiff had demonstrated exhaustion of his various claims, he would thereby have presented a record for the Court to review. The benefit would not accrue only to the Court. It would have also benefitted him in that the facts and his claims themselves would have been more clearly understood; and therefore, the Court could have been able to go forward to evaluate his allegations for cognizable federal claims warranting relief.

As it is, however, by providing no record, the instant plaintiff has not assisted the Court or himself. His construed complaint must be dismissed, without prejudice, for his failure to

7

demonstrate compliance with 42 U.S.C. §1997e. The Sixth Circuit has written that "[a] plaintiff who fails to allege exhaustion of administrative remedies through 'particularized averments' does not state a claim on which relief may be granted, and his complaint must be dismissed *sua sponte*." *Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action be **DISMISSED**, *sua sponte*, without prejudice, for failure to state a claim upon which relief may be granted; and Judgment shall be entered contemporaneously with this Memorandum Opinion and Order. 28 U.S.C. §1915(e)(2)(B)(ii).

This the ____ day of May, 2006.

_____
KARL S. FORESTER, SENIOR JUDGE